The opinion of the Court ivas delivered iy

Mr. Justice Richardson.

The question in this case depends upon the act of 1791; 1 Faust, 44; 1 Brevard, 223; which'enacts that “ all persons necessarily going to, attending on, or returning from the same,” (referring to the superior courts) “ shall be freed from arrests in any civil action.73
Now what does the term “arrest” mean? Wood (see Institutes, 595) defines it“ a detention of tlie person”: and Blackstone, (3 vol. p. 288) says “ an arrest must be by corporal seizing the defendant’s body; after which the sheriff may justify breaking open the house, in order to take him;33 and inp. 289, he says “ when the defendant is arrested, he must cither go to prison or put in special bail to the sheriff.”
These authorities show that an arrest is synonimous with actual detention of the person of the party arrested; and does not mean merely a.summons or citation.
The scope and object of the act of 1791 too, evidently require no more than that the person of the party attending court shall be free from detention; and he may be cited or summoned without any detention of his person. Blackstone gives an apt illustration of the distinction, when he says (p. 288,) Sec. “ that in the civil law, for the most part, not so much as a corn-' mon citation or summons, much less an arrest, can he exercised apon a man within his own walls.”
And our act of 1794, exempting militia men, when at muster, from the service of any writ, equally points out the same distinction. The motion is granted.
Johnson, Huger, and Colcock, Justices, concurred.